IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GEORGE WESLEY HENSLEY                                                                    PLAINTIFF

vs.                                           Civil No. 4:19-cv-04002

KARLTON H. KEMP, JR.,
CODY WAYNE HENSLEY, and
TIMMY JAY HENSLEY                                                                       DEFENDANTS

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are three different motions to dismiss filed separately by Defendants in this action: Defendant Cody Wayne Hensley ("Cody Hensley")'s Pre-Answer Motion to Dismiss, or in the Alternative to Strike Plaintiff's Amended Complaint (ECF No. 27); Timmy Jay Hensley's ("Timmy Hensley") Pre-Answer Motions to Dismiss, or in the alternative, to Strike Plaintiff's Amended Complaint (ECF No. 29); and Defendant Karlton H. Kemp, Jr. ("Kemp")'s Motion to Dismiss for Lack of Jurisdiction (ECF No. 31).

For ease of reference and because Defendants generally present the same arguments, the Court will address these motions together. Plaintiff is proceeding *pro se*, and he has not responded to these motions.[1]

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey, Chief United States District Judge, referred these motions to the undersigned for the purpose of making a report and recommendation. In accordance with that referral, the undersigned

---

[1] Instead, Plaintiff filed a motion requesting counsel be appointed on his behalf. *See* ECF No. 33. This motion is still pending at this time. However, because the Court recommends dismissal of Plaintiff's claims, there is no need to address this motion further.

1

enters the following report and recommendation and recommends they be **GRANTED** in their entirety.

1. **Background:**

On January 11, 2019, Plaintiff[2] filed his *pro se* Complaint. ECF No. 1. This Complaint was forty-five (45) pages with over fifty (50) exhibits. Thereafter, the Court held a hearing addressing Plaintiff's Complaint and ordered Plaintiff to file a more concise amended complaint, succinctly explaining his claims. *See* ECF No. 22. On August 12, 2019, Plaintiff filed his *pro se* Amended Complaint. ECF No. 24. This Amended Complaint totals 105 pages with 213 pages of exhibits. *Id.*

In his Amended Complaint, Plaintiff outlines the details of his case. Briefly stated, Plaintiff disputes the distribution of his father's estate and his mother's estate.[3] His father, George W. Hensley, Jr., passed away in May 21, 2009 while his mother, Alma Hensley, passed away on April 14, 2016. After Plaintiff's father passed away, his father's will was admitted to probate in the probate court in Miller County, Arkansas. ECF No. 24-1 at 56. Under the terms of his father's will, Plaintiff was to receive one-half of his father's real and personal property. *Id.* at 68. However, according to the probate court, the estate of Plaintiff's father had no assets because all assets now belonged to Plaintiff's mother: "There are no known assets of the estate. All real and personal property that was titled in the names of George Washington Hensley, Jr., and Alma Hensley, his wife, would be tenancy by the entirety property." *Id.* Thus, Plaintiff received nothing from his father's estate.

---

[2] Initially, two Plaintiffs, George Wesley Hensley and Daniel Hensley, were involved in this lawsuit. On July 15, 2019, Plaintiff Daniel Hensley was terminated from this action. ECF No. 23. Accordingly, only Plaintiff George Wesley Hensley remains.
[3] However, it is unclear if an estate was ever opened for Plaintiff's mother. It does not appear a will for Plaintiff's mother was ever admitted to probate.

Plaintiff claims this determination by the probate court was improper. Plaintiff claims he was deeded 7.5 acres of his father's property back in 1988 with the deed being filed in 1990. ECF No. 1-3. Plaintiff claims he was entitled to this property, and he never transferred his interest in this property: "I was never told of any transactions [related to this property] nor did I ever signed [sign] anything nor agree to selling my property." ECF No. 24 at 8. Plaintiff claims this property was taken from him without compensation when the probate court found all of Plaintiff's father's assets were "tenancy by the entirety property." *Id.*

Plaintiff's mother then passed away on April 14, 2016. Plaintiff claims before she passed, she placed her property (or the amount that remained from her late husband's estate) in an irrevocable trust. Plaintiff was offered a check less than $15,000 from that trust after his mother's passing. Plaintiff claims his mother was defrauded of all her assets, which he estimated being worth nearly $1 million. ECF No. 24 at 84-85.

Plaintiff alleges two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. ECF No. 24 at 4-7. Plaintiff alleges federal question jurisdiction is appropriate because his 14th Amendment rights were violated, and Plaintiff alleges diversity jurisdiction is appropriate because he is a citizen of Texas while the Defendants are all citizens of Arkansas with an amount in controversy of $75,000.

Plaintiff raises nineteen causes of action in this Amended Complaint. ECF No. 24. The first ten causes of action are the following: (1) fraudulent deed (loss of property) by Defendant Kemp; (2) alienation of affection by Defendant Kemp and Defendant Cody Wayne Hensley; (3) "manipulation" by Defendant Kemp and Defendant Cody Hensley; (4) defamation by Defendant Kemp and Defendant Cody Hensley; (5) fraudulent concealment by Defendant Kemp; (6) defamation for his father by Defendant Kemp; (7) "gross abusive manipulation" of Plaintiff's

3

mother by Defendant Kemp and Defendant Cody Hensley; (8) breach of fiduciary duty by Defendant Kemp; (9) misappropriation of personal items by Defendant Kemp and Defendant Cody Hensley; and (10) intentional infliction of emotional abuse by Defendant Kemp.

The final nine causes of action are the following: (11) fraud by Defendant Kemp; (12) conflict of interest and breach of fiduciary duty by Defendant Kemp and Defendant Cody Hensley; (13) fraud by Defendant Cody Hensley by offering Daniel Hensley $25,000; (14) fraud by Defendant Cody Hensley by offering the home of Plaintiff's parents to Melissa Hensley; (15) misappropriation of his mother's ring by Defendant Cody Hensley; (16) fraud by Defendant Timmy Hensley; (17) breach of fiduciary duty by Defendant Timmy Hensley; (18) misappropriation by Defendant Timmy Hensley of $320,000 and two trust properties; and (19) fraudulent sale of two trust properties by Defendant Timmy Hensley.  ECF No. 24 at 1-16.

2. **Applicable Law:**

Defendants filed their motions to dismiss, requesting dismissal for two reasons: (1) the Court lacks subject matter jurisdiction, and this case should be dismissed in accordance with Rule 12(b)(1) of the Federal Rules of Civil Procedure; and, (2) Plaintiff failed to provide a "short and plain statement of the claim[s]" showing he "is entitled to relief" as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure, and this case should be dismissed pursuant to the Court's inherent authority.

First, under Rule 12(b)(1), a case filed in federal court may be dismissed because the court lacks the authority to hear the dispute.  *See generally U.S. v. Morton,* 467 U.S. 822, 828 (1984) (recognizing subject matter jurisdiction defines the court's authority to hear given types of case). For a federal court to have subject matter jurisdiction over a given case, there must either be federal question jurisdiction or diversity jurisdiction.  *See* 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

Nevertheless, even if subject matter jurisdiction does exist, a federal court may still in its discretion decline to exercise jurisdiction when the case involves, for example, certain state law claims. This doctrine is called abstention. *See, e.g., Sianis v. Jensen,* 294 F.3d 994, 997 (8th Cir. 2002) (detailing abstention and the probate exception to federal jurisdiction).

Second, under Rule 8(a), a federal pleading must state a "claim for relief" that includes the following: "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

Dismissal is not proper when the factual allegations in a complaint, which are assumed to be true, are sufficient to state a claim to relief that is plausible on its face. *See Hawks v. J.P. Morgan Chase Bank,* 591 F.3d 1043, 1049 (8th Cir. 2010) (internal quotation marks and citations omitted). *See also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1954 (2009) (recognizing that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

3. **Discussion:**

Defendants move to dismiss this case based upon Rule 12(b)(1) and in accordance with Rule 8(a)(2) of the Federal Rules of Civil Procedure. The Court will address each of these provisions separately.

    A. **Rule 12(b)(1)**

Defendants claim this case should be dismissed for lack of subject matter jurisdiction. While it appears Defendants agree that federal question jurisdiction or diversity jurisdiction is present under 28 U.S.C. § 1331 and 28 U.S.C. § 1332, they argue instead that abstention applies.

Defendants argue this is a probate matter, and as such, the probate exception to federal jurisdiction applies.

### 1. Abstention: Probate Exception

As an initial matter, the Court recognizes the probate exception is "a judicially-created limitation on federal court subject matter jurisdiction, which prohibits the exercise of jurisdiction even where . . . all the prerequisites for diversity jurisdiction are otherwise present." *Sianis v. Jensen,* 294 F.3d 994, 997 (8th Cir. 2002). This exception, however, is construed narrowly: "Because the probate exception is a judicially-created limitation on our jurisdiction, not one mandated by Congress, we construe it narrowly." *Id.* at 999. For instance, the probate exception does not apply to trusts or a claim for the fraudulent execution of a trust. *Id.*

In the present action, Plaintiff's argument centers around the actions of the probate court in handling his father's estate. ECF No. 24. In addition, however, Plaintiff also argues his mother was fraudulently induced into establishing an irrevocable trust before she passed. *Id.* Under *Sianis,* the probate exception would bar the portion of this lawsuit attacking the probate of his father's will; however, the probate exception would not bar the portion of this lawsuit attacking his mother's irrevocable trust. As *Sianis* specifically provides, "we conclude that Mr. Sianis's charge that the Jensens wrongfully induced Mrs. Sianis into executing the trust instrument does not trigger the probate exception." *Sianis,* 294 F.3d 94 at 999. Accordingly, the Court will consider whether another abstention doctrine applies.

### 2. Abstention: *Rooker-Feldman* Doctrine

A second abstention doctrine is the *Rooker-Feldman* doctrine. This abstention doctrine is broader than the probate exception. Under this doctrine, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court

judgments." *Gisslen v. City of Crystal, Minn.,* 345 F.3d 624, 627 (8th Cir. 2003) (citing *Lemonds v. St. Louis Cty.,* 222 F.3d 488, 492 (8th Cir. 2000)).  The *Rooker-Feldman* doctrine extends beyond direct appeals and includes "more indirect attempts by federal plaintiffs to undermine state court decisions." *Id.*  The doctrine precludes federal court jurisdiction over federal claims that are "inextricably intertwined" with claims of the state court action. *See D. of Colum. Ct. of Appeals v. Feldman,* 460 U.S. 462, 482 n. 16 (1993).

In the present action, Plaintiff is directly attacking the administration of his father's estate; the distribution of assets from that estate; and, ultimately, the irrevocable trust that was created with those assets.  Although these issues are not directly related to the probate of his father's will, the Court finds they are "inextricably intertwined" with the actions of the probate court in Miller County, Arkansas.  It would be impossible for this Court to make any determinations related to Plaintiff's case without, in some way, undermining the final decisions of the probate court.  Accordingly, the Court recommends this case be dismissed pursuant to the directive of the *Rooker-Feldman* doctrine.

**B.  Rule 8(a)(2)**

Defendants also argue Plaintiff's claims should all be dismissed because Plaintiff has failed to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure and failed to provide a "short and plain statement of the claim[s] showing that the pleader is entitled to relief."

In the present action, Plaintiff filed his Complaint on January 11, 2019.  ECF No. 1.  This Complaint was forty-five (45) pages with over fifty (50) exhibits.  Thereafter, Defendants filed Motions for More Definite Statements and requested Plaintiff be required to clarify his allegations.  ECF Nos. 13-15.  The Court then held a hearing to address these motions.  ECF No. 22.  To give Plaintiff every benefit of the doubt, the Court allowed Plaintiff to amend his Complaint.  During

the hearing in this matter, the Court advised Plaintiff to state his allegations with specificity and supply appropriate factual support for his claims.

Thereafter, Plaintiff filed an Amended Complaint of 105 pages with 213 pages of exhibits. ECF No. 24.  As a part of this Amended Complaint, Plaintiff stated nineteen "causes of action," but he does not supply the elements to those causes of action or demonstrate those elements have been met.  Although Plaintiff is proceeding *pro se*, he still is not excused from complying with the procedural rules, including Rule 8: "We remind Coy that as a pro se litigant he is not excused from complying with procedural rules, *see Brown v. Frey,* 806 F.2d 801, 804 (8th Cir. 1986), including Federal Rule of Civil Procedure 8, which requires a short and plain statement showing the pleader is entitled to relief, and that each allegation in the pleading be simple, concise, and direct." *Cody v. Leon,* 468 F. App'x 644, 645 (8th Cir. 2012) (per curiam).

Indeed, in *Cody*, the Eighth Circuit Court of Appeals affirmed the dismissal of claims that did not comply with Rule 8 where the Plaintiff filed a 75-page amended complaint. In the present action, Plaintiff's Amended Complaint was 105 pages with 213 pages of exhibits.  Accordingly, consistent with *Cody* and Rule 8 of the Federal Rules of Civil Procedure, the Court also recommends this case also be dismissed without prejudice for Plaintiff's failure to comply with Rule 8(a)(c).  *See, e.g., Simmons v. Abruzzo,* 49 F.3d 83, 86-87 (2nd Cir. 1995) (recognizing a district court may dismiss a complaint without prejudice under Rule 8(a)) (citation omitted).

### 4. Conclusion:

Based upon the forgoing, the Court recommends Defendants' Motions (ECF Nos. 27, 29, 31) be **GRANTED.**  This dismissal for lack of subject matter jurisdiction and failure to comply with Rule 8(a)(2) is without prejudice.  *See* FED. R. CIV. P. 41(b).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**IT IS SO ORDERED this 18th day of September 2019.**

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE