US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
OCT 0 2 2019
DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
## Western District
## District of Texarkana

---

| | |
|---|---|
| Plaintiff: <br> **George Wesley Hensley** <br><br> 3236 Rockne Lane <br> Mesquite, Texas. 75150 <br> 214.918.6083 <br> hensley.george06@gmail.com <br> -v- <br><br> Defendants: <br> **Karlton H. Kemp Jr.** <br><br> **Cody Wayne Hensley** <br><br> **Timmy Jay Hensley** | Case # 4:19-cv-04002-SOH <br><br> Jury Trial: Yes <br><br> **Complaint for a Civil Case** <br><br> **US District Court, <br> Western District of Texarkana, <br> Arkansas** <br><br> **Honorable Susan O. Hickey** <br><br> **Honorable Magistrate Mark E. Ford** <br><br> **Deputy Clerk: Douglas Young** |

---

### PLAINTIFF'S RESPONSE TO REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND REQUEST FOR HEARINGS AND REQUEST FOR RELIEF

The plaintiff here responds to the "Report and Recommendations of the United States Magistrate Judge" and request hearings & relief and will show this U.S. Distrist Court as follows:

1. **Diversity and federal question jurisdiction:** Magistrate Ford's report admits plaintiff has demonstrated that this Court has jurisdiction- both in diversity and federal civil rights question and therefore jurisdiction in this Court is proper. Everything that follows herein is predicated on the Court's acceptance of that fact of jurisdiction.

2. **Subject matter jurisdiction:** Federal question of civil rights exists in the cause of action alleging defendants' conspiracy to deprive plaintiff of his right to a jury trial here as guaranteed by the 7th Amendment of the United States Constitution. The importance of the

civil rights claim is that while it targeted the plaintiff, the power comes from the resulting attack on the jurisdiction of this Court. Therefore, this Court has an undeniable reason to hear this case for reasons of judicial integrity alone. Without jurisdiction, the Court is powerless and therefore loses its reason for being. All courts must necessarily protect their own integrity and ability to act. Any improper attack on any court's jurisdiction, intended or not, should be a matter of great concern to the attacked court.

3. **Federal probate court exception to establish jurisdiction: abstention**: The plaintiff has demonstrated jurisdiction exist. The Magistrate Judge Ford acknowledges federal diversity does exists here. Otherwise, Magistrate Ford need not look for probate court exception to jurisdiction in the federal court. The probate court exception does not apply to property not involved in the probate case. Magistrate Ford has misread the facts of the complaint, probably because of the plaintiff's inability to plead the case effectively. The theft of the plaintiff's real property was never before the probate court and occurred well before the probate. The defendant attorney Kemp used his position of trust to defraud and steal real property from plaintiff. "Because the probate exception is a judicially-created limitation on our jurisdiction, not one mandated by Congress, we construe it narrowly." Sainis v. Jensen, 294 F.3d 994, 997, 999 (8th Cir. 2002). For instance, the probate exception does not apply to trusts or a claim for the fraudulent execution of a trust. This allows the Breach of fiduciary duty and any trust and the fraudulent Irrevocable Trust to move forward. This is another reason not .to dismiss this case.

4. **Rule 8(a)(2) & Rule 12(b)(1):** The plaintiff admits to its inability to comply with Rule 8(a)(2) and Rule 12 (b)(1), through no fault of his own. Therefore, plaintiff's unintended failure does not demand dismissal because plaintiff clearly attempted to comply without violating the fair notice requirements. The facts mitigate in favor of the granting of plaintiff's previously filed motion to appoint counsel. The plaintiff can prove at least 18 attorneys were contacted. All declined to represent him. Plaintiff has finances to retain a lawyer ($15,000) and yet cannot find any lawyer desperate, broke or crooked enough to take his money (please forgive the humor). Furthermore, the gov't would not need to pay a penny for this counsel.

**Plaintiff hereby repeats his earlier request for this court to appoint counsel. In Connection with this request, Plaintiff hereby ask for a hearing so that he may prove up his diligent search for a lawyer, actual existence of his funds and that he was unable to hire a lawyer.**

5. **The defendants' motions to dismiss include a statement that plaintiff did not respond to motions:** Plaintiff never received motions and never responded to these motions because Pacer dening access. It appears the court did not fully understand that Plaintiff previously stated that he could not access Pacer. This would have been a nonissue had the plaintiff been able to hire a lawyer. The plaintiff did not actually receive these motions regarding the amended complaint from the defendants until barely a week ago (as of this writing). Plaintiff originally applied to Pacer and received an account but was denied access to case information. The plaintiff reopend Pacer account after receiving the Report from the magistrate judge on 9.20.2019 which provided him the 1st notice that defendants' motions existed. Previously, a month ago, I was blocked from access to case files (as I was not an attorney). Documents 27,28,29,30,31,32 were never seen before 9.20.2019. Defendants noted on their certificate of service from their Motion in response to the Complaint, that they sent responses certified mail and email however none were received. The Plaintiff challenges the defendants to prove the certificate of service they listed in their motions.

6. **The heart of the matter, defendants' motions to dismiss case based on Abstention:** *Rooker-Feldman* **Doctrine:** The *Rooker-Feldman* doctrine does not apply because the plaintiff was never a *party* to the probate court proceedings. *Rooker-Feldman* only applies to losing parties in the state court proceedings. It is a bar to jurisdiction not an exception.

No competent lawyer seeking to invoke the *Rooker-Feldman* doctrine would fail to see the clarification of that doctrine by the supreme court "Exxon Mobil concludes that the *Rooker-Feldman Doctrine* does not apply to nonparties. Once any lawyer sees the clarification of Exxon – Mobile he knows he must investigate whether the Plaintiff here was a *party* or only a *participant* to the state court proceedings. Kemp need not investigate because he knew plaintiff was not a party because he was the lawyer. Federal plaintiff was never a *party* to the state of the probate. The plaintiff has previously alleged that defendant Kemp kept Plaintiff

out of proceedings on purpose. This was misrepresentation of the law and No lawyer requesting the Rooker-Feldman doctrine should use this doctrine application wrongly. The plaintiff suffered a lose but was not a *party*. The attorneys, by omission, knowingly used misapplication of the application of the law. Defendant Kemp's use of "participant and *participated*" was used to confuse the difference from party and participant. The defendants lied to the court because of the confusion of the the plaintiff's pleading in the case and played right into to a lie.

Further notes: In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.* "Primary to Exxon Mobil's definition of the Rooker-Feldman doctrine is the stipulation that it only be used against state court losers. In this way the Court spelled out for the conflicting circuit courts that the **doctrine does not apply to nonparties** to the state suit. Likewise, the Court made it clear to the divided circuits that the alleged federal injury must be caused by the state court judgment itself and that Rooker-Feldman is not implicated simply because a party brings to federal court a matter it previously litigated in state court. Exxon Mobil demonstrated to the uncertain lower courts that the doctrine does not bar parallel litigation, and the Court's exposition elucidated the mysterious relationship between RookerFeldman and the preclusion doctrines. "

Additionally, in reference to Third Circuit Confirms Limits of the Rooker-Feldman Doctrine: In Philadelphia Entertainment & Development, The U.S. Supreme Court has cautioned against <u>applying</u> the *Rooker-Feldman* doctrine too broadly. Rather, the doctrine is supposed to be confined to "limited circumstances" where "state-court losers complain of injuries caused by state-court judgments rendered before the district court proceedings commenced and invite district court review and rejection of those judgments."[4] Thus, as understood by the Third Circuit in PEDP, a federal court has jurisdiction "as long as the 'federal plaintiff present[s] some independent claim,' even if that claim denies a legal conclusion reached by the state court." In the plaintiff's complaint there are many independent claims that should keep the case opened.

7. **Motion for evidentiary and motion for relief:** another strong reason not to dismiss this case not mentioned, is that the dismissal would result in refilling of the case and starting over from scratch.

   The proper actions at this time would be as follows:

   Counsel should be appointed. If this is not granted, then a hearing is requested as to why it should not be appointed. Allow evidentiary hearing to correct magistrate's misunderstandings. The plaintiff prays this Court does not dismiss this case but retains this case for probable jury trial in the United States Western District Court. Even without the issue of probate and the plaintiff's property, there is overwhelming evidence to keep this case opened.

8. **Conclusion statement:**

   In our democratic republic government, the people believe the legal system exists to address and redress the wrongs occasioned upon them by their fellow citizens. What they do not recognize and should know is that the system of government we have is set up in a way that the last thing that happens is that the wrongs are righted by the system.

Thank-you for your consideration!!

*George Hensley*

**George Wesley Hensley**, Plaintiff *pro se*
3236 Rockne Ln.  Mesquite, Texas  75159
214.918.6038
Hensley.george06@gmail.com