IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GEORGE WESLEY HENSLEY                                                    PLAINTIFF

v.                           Case No. 4:19-cv-4002

KARLTON H. KEMP, JR.,
CODY WAYNE HENSLEY; and
TIMMY WAYNE HENSLEY                                        DEFENDANTS

# ORDER

Before the Court is the Report and Recommendation filed September 18, 2019, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 38. Judge Ford recommends that Defendants' motions to dismiss (ECF Nos. 27 and 29) be granted. Plaintiff has responded with objections and amended objections. (ECF Nos. 39 and 45). The Court finds the matter ripe for consideration.

Plaintiff is representing himself in this matter and initially filed a 45-page complaint with approximately 240 pages of exhibits. Judge Ford held a hearing to address the complaint and ordered Plaintiff to file a more concise amended complaint, succinctly explaining his claims. ECF No. 22. Plaintiff filed a 105-page amended complaint with 213 pages of exhibits. ECF No. 24.

Briefly stated, Plaintiff disputes the distribution of his father's estate and his mother's estate. After Plaintiff's father, George W. Hensley, Jr., passed away in 2009, his will was admitted to probate in Miller County, Arkansas. Under the terms of the will, Plaintiff was to receive one-half of his father's real and personal property. According to the probate court, the estate of George W. Hensley, Jr., had no assets because "[a]ll real and personal property that was titled in the names of George [W.] Hensley, Jr., and Alma Hensley, his wife [and Plaintiff's mother], would be tenancy by the entirety property and is not considered property of the estate." ECF No. 24-1 at 56. Because all assets now belonged to Plaintiff's mother, Plaintiff received nothing from his father's estate. Plaintiff claims that this

determination by the probate court was improper for various reasons.

Plaintiff's mother, Alma Hensley, passed away in 2017. According to Plaintiff, before she passed, she placed her property (or the amount that remained from her late husband's estate) in an irrevocable trust. After she passed, Plaintiff received a sum of money from that trust. Plaintiff claims that his mother's estate should have been worth more than it was and that his mother was defrauded of all her assets, which he determined to be worth nearly $1 million.

Plaintiff alleges two bases for subject matter jurisdiction, which Defendants do not appear to dispute: federal question and diversity jurisdiction. Defendants filed their motions to dismiss, arguing that this case should be dismissed for the following reasons: (1) the Court lacks subject matter jurisdiction based on the probate exception to federal jurisdiction; (2) the *Rooker-Feldman* doctrine[1] applies to bar the Court from exercising jurisdiction over Plaintiff's claims; and (3) Plaintiff fails to provide a short and plain statement of the claims showing he is entitled to relief as required by Federal Rule of Civil Procedure 8(a)(2). Judge Ford recommends that the motions to dismiss be granted, and the Report and Recommendation discusses three bases for dismissal: (1) the probate exception; (2) the *Rooker-Feldman* doctrine; and (3) Federal Rule of Civil Procedure 8(a)(2). Plaintiff objects to the recommendation of dismissal. ECF No. 45.

Under Federal Rule of Civil Procedure 8, a claim for relief is required to contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Each allegation in the complaint should be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1); *Cody v. Loen*, 468 Fed. App'x 644, 645 (8th Cir. 2012) (per curiam). The primary purpose of Rule 8 is to allow a court and opposing party to understand whether a valid claim is alleged and, if so, what it is. *See Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994), *cited with approval in Cody*, 468 Fed. App'x at 645. The court or opposing party is not required to keep sifting through

---

[1] The *Rooker–Feldman* doctrine precludes lower federal courts from exercising jurisdiction over actions seeking review of, or relief from, state court judgments. *Hageman v. Barton*, 817 F.3d 611, 614 (8th Cir. 2016).

the complaint in search of what a plaintiff is attempting to assert. *Id.*

Plaintiff's original complaint was 45 pages with over 240 pages of exhibits. The complaint contains at least nineteen enumerated "claims." ECF No. 24. Defendants filed motions for more definite statements (ECS Nos. 13-15) and requested that the Court require Plaintiff to clarify his allegations. Judge Ford held a hearing to address these motions and allowed Plaintiff to amend his complaint. During the hearing, Judge Ford advised Plaintiff to state his allegations with specificity and to supply appropriate factual support for his claims. Plaintiff then filed a 105-page amended complaint with approximately 213 pages of exhibits. His complaint is written mostly in a confusing, narrative style and is needlessly long. He states nineteen causes of action but does not supply the elements to those causes of action or demonstrate that the elements of each cause of action have been met. For example, one of the causes of action is stated as follows:

> "CAUSE OF ACTION 10 k: By Mr. Kemp telling my mother I was 'suing' her this was malicious and created mental anguish for me and my mother. I pray for relief by Mr. Kemp for the mental anguish this caused me." ECF No. 24, p. 13.

Plaintiff agrees that his complaint is "lengthy" and admits his "inability to comply with Rule 8(a)(2).[2] ECF No. 45, p. 2. He further admits "to lack of knowledge of these rules." ECF No. 45, p. 2. He maintains that his failure to comply with Rule 8 was "unintended" and argues that his complaint should not be dismissed because he attempted to comply with the rule and cannot find a lawyer who will represent him. ECF No. 45, p. 2-3. The Court notes, however, a litigant who represents himself is not excused from complying with procedural rules. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

The Court finds that Plaintiff's complaint does not satisfy the requirements of Federal Rule of Civil Procedure 8. Plaintiff fails to state his allegations with specificity. His allegations are not concise

---

[2] Plaintiff also states that Judge Ford has "misread the facts of the complaint" and opines that Plaintiff's "inability to plead the case effectively" is the reason for the confusion. ECF No. 45, p. 2. Assuming this statement by Plaintiff is true, it demonstrates the lack of clarity in the complaint and the difficulty faced by the Court and opposing counsel in trying to ascertain what claims Plaintiff is attempting to assert.

or direct. He does not supply the elements for each cause of action and does not demonstrate that the elements have been met. It is unclear to opposing counsel and the Court what claims Plaintiff is attempting to assert. Accordingly, the Court agrees with Judge Ford that this case should be dismissed.

As an alternative basis for dismissal, Judge Ford recommends that the Court dismiss this case pursuant to the *Rooker-Feldman* doctrine. ECF No. 38, pp 6-7. Judge Ford also recommends, in the alternative, that the Court apply the probate exception to federal jurisdiction to bar Plaintiff's claims regarding the distribution of his father's estate. ECF No. 38, p. 6. Because the Court has found that this case should be dismissed based on Plaintiff's failure to comply with Federal Rule of Civil Procedure 8, the Court will not address these two alternative bases for dismissal of Plaintiff's claims. Further, the Court declines to adopt the portions of the Report and Recommendation (ECF No. 38) relating to the *Rooker-Feldman* doctrine and the probate exception to federal jurisdiction.

For the reasons discussed above, based on its own de novo review, the Court adopts the portion of the Report and Recommendation (ECF No. 38) relating to Plaintiff's failure to comply with Federal Rule of Civil Procedure 8. Accordingly, Defendants' motions to dismiss (ECF Nos. 27 and 29) are **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 11th day of February, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge